CITIZENS' STATE BANK OF ARLINGTON, Respondent, v. SECURITY INVESTMENT COMPANY, et al, Appellants.

(246 N. W. 652.)

(File No. 7162. Opinion filed February 6, 1933.)

*Crawford & Crawford,* of Huron, for Appellant.

*E. F. Green,* of DeSmet, and *Max Royhl,* of Huron, for Respondent.

RUDOLPH, P. J. This case is in the nature of a companion to the case of Aaron et al v. Hewett and Security Investment Co. et al, designated as No. 7113, recently decided by this court, 60 S. D. 238, 244 N. W. 380, 384. The plaintiff in this case, Citizens' State Bank of Arlington, is the defendant in that case. The defendant D. A. Crawford is the receiver of the Security Investment Company, and was the plaintiff in the former case. The nature of the former case and the parties thereto may be determined by reference to that case.

Judgment in the former case was entered in July, 1929, in favor of the plaintiff and against the defendant Citizens' State Bank, the plaintiff in this action. In December, 1929, this action was started, alleging in substance that in September, 1924, when the Security Investment Company was adjudged insolvent, and its receiver was appointed, it was indebted to the plaintiff, Citizens' State Bank, in a sum in excess of the judgment rendered against the bank in the former action, and asked that a decree of equitable set-off be made, whereby the judgment of the Security Investment Company and its receiver, D. A. Crawford, against this plaintiff be satisfied and discharged. The findings of fact in the former action were introduced and received in evidence in this action. Finding of fact No. 26 in the former action is as follows:

"The court finds that on or about July 1, 1922, at the time of the liquidation of the Central Dakota Mill Company assets and at the time the Citizens State Bank received the amounts paid from the mill company and from the guarantors of the stockholders of the mill company to the Citizens State Bank and the Security Investment Company such sums as were liquidated from the mill company stock and paid in by such guarantors, the Security Investment Company was owing to the Citizens State Bank an amount in excess of $5300."

The notes involved in ths case, on which the plaintiff places

its claim of set-off, are renewals of the indebtedness existing on July 1, 1922, which indebtedness was found by the trial court to be in excess of $5,300.

In the former case (No. 7113) this court in its opinion said: "The court further found as a fact that on or about the 1st day of July, 1922, the investment corporation was indebted to the Citizens' State Bank in the sum of $5,300 and the bank claimed it was entitled to retain the above-mentioned sums of money to be applied in payment of the said indebtedness of $5,300. In our opinion the bank is correct in this contention and this amount should be deducted from the judgment entered in favor of the respondents."

That there is no misunderstanding concerning the above-quoted portion of that opinion, we make the following observations. On July 1, 1922, when the Dakota Central Mill Company went into liquidation, as is shown by the opinion in the former case, the mill company owed the Security Investment Company the sum of $5,226. This amount the Citizens' State Bank got from the mill company and retained, and was the amount for which judgment was allowed against the bank in the previous action, together with interest from July 1, 1922, totaling $7,840. On that same date, however, as was pointed out in the prior opinion, the investment company was indebted to the Citizens' State Bank in a sum in excess of $5,300, which was so determined by the trial court in the finding of fact No. 26, above set out. In our former opinion we said this $5,300 "should be deducted from the judgment entered in favor of the respondents." This portion of that opinion is, perhaps, not strictly correct, for we conceded the bank's contention that it was entitled to retain the $5,226, which it received from the mill company, to be applied in the payment of the said indebtedness of $5,300, which was owing at the time it received the money. It therefore follows that the judgment against the bank would be completely wiped out, for the only basis of the judgment was the $5,226 which the bank had received from the mill company. After the decision of this court in the former case, there was no judgment against the bank, and, there being no judgment against the bank, there is no grounds or occasion for an offset.

Because of our views of this case, as expressed above, it becomes unnecessary for us to determine the doctrine of res adju-

dicata as invoked by the appellant in this case, or any other alleged errors assigned by appellant.

The judgment and order appealed from are reversed, with instructions to the trial court to dismiss the complaint; inasmuch as the reversal, with directions to dismiss, is simply to clear the record, and, had this court not adjudicated the issues herein in the prior action, the respondent · here would have prevailed, we are of the opinion that respondent is entitled to tax costs· in this court against appellant. In this connection, also, we mention that, while there was a material modification of the judgment in the prior case, the respondent therein was permitted to and did tax costs against the appellant in that action.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, J., not sitting.